CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 12 2006
JOHN F. CORCORAN, CLERK
BY: H McDonnell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CARL THOMAS, | ) |
| Petitioner, | ) Civil Action No. 7:06CV00314 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, WARDEN, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

The petitioner, Carl Thomas, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Thomas alleges that prison officials have violated his due process rights by confining him in administrative detention for more than ninety days, and by not holding an administrative detention hearing within the past thirty days. Based on the nature of Thomas's allegations, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, I find that Thomas has failed to state a claim upon which relief may be granted. Accordingly, I will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## Background

Thomas is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He executed the instant petition on May 19, 2006. Thomas alleges that he has been improperly

---

[1] Thomas does not allege that his placement in administrative detention will in any way affect the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749, 754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are so onerous as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this case. Thus, even if Thomas's claims were analyzed under § 2241, they would still be subject to dismissal.

[2] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

housed in administrative detention since January 18, 2006, and that prison officials have failed to comply with 28 C.F.R. § 541.22, the federal regulation pertaining to administrative detention. Specifically, Thomas alleges that prison officials have violated his due process rights by holding him in administrative detention for more than 90 days, and by not providing an administrative detention hearing before the Segregation Review Official within the past thirty days.[3] As a result, Thomas seeks to be immediately released from administrative detention.

## Discussion

In order to prevail on a due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).[4] The determination of whether such an atypical and significant hardship exists is a question

---

[3]Section 541.22(a) provides, in pertinent part, as follows:
Except for pretrial inmates or inmates in a control unit program, staff ordinarily within 90 days of an inmate's placement in post-disciplinary detention shall either return the inmate to the general inmate population or request regional level assistance to effect a transfer to a more suitable institution.

Section 541.22(c) provides, in pertinent, part as follows:
The [Segregation Review Official] shall conduct a record review within three work days of the inmate's placement in administrative detention and shall hold a hearing and formally review the status of each inmate who spends seven continuous days in administrative detention, and thereafter shall review these cases on the record (in the inmate's absence) each week, and shall hold a hearing and review these cases formally at least every 30 days.

[4]Thomas appears to argue that a liberty interest arises from the procedural requirements of 28 C.F.R. § 541.22. However, this argument is without merit. "Prior to the decision of the Supreme Court in Sandin, the analysis of whether a prisoner was deprived of a liberty interest focused not on the nature of the deprivation experienced by the prisoner, but on the language of the applicable prison regulations and whether such language was 'mandatory.'" Bevarati, 120 F.3d 500 at 503, n. 3. In Sandin, the Supreme Court criticized this methodology, because it created a disincentive for states to promulgate procedures for prison management, and it caused federal courts to become overly involved in the day-to-day management of prisons. Sandin, 515 U.S. at 482-483. These concerns led the Supreme Court to

2

of law. Beverati, 120 F.3d at 503.

Having reviewed Thomas's allegations, I conclude that he has failed to allege sufficient facts to establish that his confinement in administrative detention poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504 (holding that the inmates' conditions of confinement in segregation "were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life," where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). As a result, Thomas does not possess a liberty interest in avoiding confinement in administrative detention, and therefore, he has not stated a due process claim.

For the reasons stated, this action must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This ⎯12th⎯ day of June, 2006.

*/s/ Signature*
Senior United States District Judge

---

reject the mandatory language method previously adopted in Hewitt v. Helms, 459 U.S. 460 (1983), and instead focus on the nature of the deprivation experienced by the prisoner. See Sandin, 515 U.S. at 483-484; Beverati, 120 F.3d 500 at 503, n.3. As the Supreme Court recently noted, it is now "clear," after Sandin, "that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to ordinary incidents of prison life.'" Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 2394 (2005) (quoting Sandin, 515 U.S. at 484).

The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).

3